# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DYLON HENRY, | : | CIVIL ACTION NO. 3:12-2606 |
| Petitioner | : | |
| v. | : | (MANNION, D.J.) (SCHWAB, M.J.) |
| WARDEN MARY SABOL, et al., | : | |
| Respondents | : | |

# **M E M O R A N D U M**

Pending before the court is the report of Magistrate Judge Susan E. Schwab which recommends that Thomas R. Decker, the Bureau of Immigration and Custom Enforcement's, (ICE's), Philadelphia Field Office Director for Detention and Removal; John P. Torres, Acting Assistant Secretary of ICE; Janet Napolitano, Secretary of the Department of Homeland Security; and Eric Holder, the United States Attorney General, be dismissed as respondents to this action and that the petitioner's petition for writ of habeas corpus be denied without prejudice to re-filing at an appropriate future time. (Doc. No. 9). Upon consideration of a superceding Suggestion of Mootness filed by the respondent, the court will dismiss the report of Judge Schwab as moot.

By way of relevant background, on December 28, 2012, the petitioner filed the instant action pursuant to 28 U.S.C. §2241 challenging his continued detention by ICE at the York County Prison. (Doc. No. 1). As requested relief, the petitioner sought to be released from custody. An order to show cause

was issued on January 4, 2013. (Doc. No. 5). On January 24, 2013, a response to the petition was filed. (Doc. No. 7).

On July 15, 2013, Judge Schwab considered the petition and related materials and issued the pending report. (Doc. No. 9). On July 30, 2013, the court received back the petitioner's copy of the report marked "Return to Sender - Undeliverable." (Doc. No. 10).

On August 2, 2013, the respondent filed a Suggestion of Mootness, in which it is indicated that, subsequent to the filing of this action, on April 25, 2013, the petitioner was removed from the United States. (Doc. No. 11).

A petition for writ of habeas corpus is the exclusive federal remedy for a prisoner challenging the "very fact or duration" of his confinement and seeking "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973); Leamer v. Fauver, 288 F.3d 532, 542-44 (3d Cir. 2002). A district court is authorized to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (2006) (emphasis added). The determination of whether a person is "in custody" is made at the time the petition is filed. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Custody is an expansive concept that includes not only a person's physical detention, but also his subjection to restrictions upon his freedom. Id.; Maleng v. Cook, 490 U.S. 488, 491-492

(1989). Once a court has determined that a petitioner was in custody at the time he filed his petition, the court generally retains jurisdiction over the case even if the petitioner is released prior to the disposition of the case. Carafas v. LaVallee, 391 U.S. 234, 237-40 (1968). But, unless the petitioner is challenging his underlying conviction - in other words, if the petitioner is challenging solely his custody and not the cause of it - he must show that he continues to suffer collateral consequences of that custody to avoid the case being moot and the court divested of jurisdiction.[1] Spencer, 523 U.S. at 7; Lane v. Williams, 455 U.S. 624, 631-33 (1982); North Carolina v. Rice, 404 U.S. 244, 246 (1971); DeFoy v. McCullough, 393 F.3d 439, 441-42 (3d Cir. 2005); United States v. Kissinger, 309 F.3d 179, 181 (3d Cir. 2002). When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and to which he would have been entitled. Sanchez v. Attorney General, United States, 146 Fed.Appx. 547, 549 (3d Cir. 2005) (not

---

[1] In contrast, "[a]n incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." Spencer, 523 U.S. at 7.

3

precedential); Riley v. Immigration & Naturalization Serv., 310 F.3d 1253, 1257 (10th Cir. 2002); Jones v. Dep't of Homeland Sec., 325 F.Supp.2d 551, 554 (E.D. Pa. 2004).

Here, the petitioner has been released from custody as requested in his petition and has been removed from the United States. Therefore, the instant petition will be dismissed as moot. In light of this determination, the court also finds moot the report of Judge Schwab which recommends that the petition be denied without prejudice to re-filing at an appropriate future time.

In light of the above, an appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: August 26, 2013**

O:\Mannion\shared\MEMORANDA - DJ\2012 MEMORANDA\12-2606-01.wpd

4